[No. 167-3. Division Three. November 18, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. EUGENE ROBERT MATHERS, *Appellant*.

Hughes, Jeffers & Jeffers and Garfield R. Jeffers, for appellant (appointed counsel for appeal).

E. R. Whitmore, Jr., Prosecuting Attorney, for respondent.

GREEN, J.—On September 13, 1969, the body of an 84-year-old deceased woman was found in bed at her residence in Nahahum Canyon, near Cashmere, Washington. Her cabin had been broken into and there was evidence she had been assaulted. Defendant was charged, tried and convicted of first-degree burglary. He appeals.

The sole issue involved in this appeal is whether or not the trial court erred in the admission of four exhibits offered by the state. The four exhibits consisted of three photographs and a blood-stained bed sheet. The three photographs were taken of the position of the victim lying in her bed; one shows the victim with the bed covers thrown back, the second with the covers over her body and the third includes the bed and surrounding area of the room where she was found. The photographs were taken in black and white. The fourth exhibit was the bed sheet taken from the victim's bed.

The defendant contends it was reversible error for the trial court in a first-degree burglary prosecution to allow into evidence three gruesome pictures of an alleged assault victim and the bloody bed sheet upon which she was found. We disagree. Defendant was charged with burglary in the first degree under RCW 9.19.010 as follows:

> Every person who, with intent to commit some crime therein, shall enter in the nighttime, the dwelling house of another in which there shall be at the time a human being—
>     . . .

(4) Who, while engaged in the nighttime in effecting such entrance, or in committing any crime in such building or in escaping therefrom, shall assault any person; or
. . .

One of the essential elements of the charge was that defendant committed an assault. *State v. O'Neil*, 24 Wn.2d 802, 167 P.2d 471 (1946). While the defendant offered to stipulate that a deceased person was found in the cabin, the record is clear defendant refused to stipulate that an assault occurred. Therefore, the state had the burden of proving beyond reasonable doubt that the deceased person found in the cabin was in fact assaulted. The only oral testimony of an assault upon the victim was by Dr. Robert W. Bonifaci, Chelan County Coroner. He testified that the victim had some bloody drainage from the vagina due to insertion of some type of abrading object; he could not conclusively say there had been sexual intercourse. The state thereupon offered the exhibits in question to corroborate the testimony of Dr. Bonifaci.

In *State v. Adams*, 76 Wn.2d 650, 458 P.2d 558 (1969), the trial court admitted into evidence certain colored slides taken during an autopsy. It was contended the only reason to show the slides was to inflame the jury with a sight of cruel injuries so as to overwhelm reason and to associate the accused with the atrocity without sufficient evidence. In the course of holding such colored slides admissible, the court said at page 655:

Photographs are not inadmissible merely because they are gruesome. *State v. Griffith*, 52 Wn.2d 721, 328 P.2d 897 (1958). Further, in *State v. Payne*, 25 Wn.2d 407, 171 P.2d 227, 175 P.2d 494 (1946), we observed that a qualification of these rules based solely upon the degree of unpleasantness would only add confusion and uncertainty to the law.

However, these rules are subject to a widely recognized reservation that gruesome photographs designed primarily or solely to arouse the passions of the jury and to prejudice the defendant are not admissible. *"The test of admissibility in such cases is whether the probative*

*value of the photographs outweighs their probable prejudicial effect."*

(Italics ours.) The exhibits were material and relevant to the issue of whether an assault had been committed. They corroborated the testimony of the coroner. Further, the exhibits were admissible because they depicted and were evidence of the actual state or condition of the victim and the immediate surroundings. *State v. Hawkins,* 70 Wn.2d 697, 425 P.2d 390 (1967).

Although the photographs were material and relevant, they must still meet the test set forth in *Adams.* Upon the consideration of the entire record and the exhibits, we concur with the trial court that the probative value of the exhibits outweighs their probable prejudicial effect. The photographs are black and white, and not unnecessarily large. Contrary to defendant's contention, there is nothing gruesome about the photographs. In all of them the victim is either fully clothed or covered. These exhibits, together with the bed sheet, properly depict and show the actual condition existing at the scene of the crime as corroborated by oral testimony and were properly admitted.

Judgment affirmed.

EVANS, C. J., and MUNSON, J., concur.